UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DIANE SPAKES,

  Plaintiff,

v.

BROWARD COUNTY SHERIFF'S OFFICE,

Defendant

06-61471 CIV-MARRA

MAGISTRATE JUDGE
SELTZER

CASE NO.



## COMPLAINT

This is an action under the Family and Medical Leave Act (FMLA), 29 U.S.C. sections 2601 *et seq.*, to remedy interference with the Plaintiff's exercise of her rights and discrimination (retaliation) against Plaintiff for having sought to exercise her rights under the FMLA.

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 29 U.S.C. section 2617 and 28 U.S.C. section 1331.

2. Venue is proper in the Southern District of Florida because the Plaintiff resides in this district, the Defendant conducts business in this district and the facts leading to this cause of action took place in this district.

### PARTIES

3. Plaintiff is an individual and a resident of Pembroke Pines, Florida.

4. Plaintiff was employed by the Defendant from November 26, 2001, until her discharge effective May 13, 2005.

5. Plaintiff is an employee within the meaning of the FMLA and worked for more than 1,250 hours in the 12 months preceding her request for leave under the FMLA.

6. Defendant was created pursuant to Article VII, Chapter 1(d) of the Florida Constitution and is responsible for law enforcement in Broward County, Florida. Defendant's main office is located in Fort Lauderdale, Florida.

7. Defendant is an employer within the meaning of the FMLA.

## STATEMENT OF FACTS

8. Plaintiff began her employment with the Defendant as a Human Resource Analyst on November 26, 2001.

9. Plaintiff was promoted to the position of Senior Analyst in the Defendant's Human Resources Department on or about November 16, 2002.

10. On April 1, 2003, Plaintiff was promoted to the position of Benefits Manager.

11. Plaintiff was absent from her employment on April 28 and 29, 2005. She requested and received "sick leave" for both days.

12. On May 2, 2005, Plaintiff submitted a Sheriff's Office form titled "Family or Medical Leave Request (FMLA)" to the Sheriff's Office. It is stamped "Received" on May 6, 2005, by that office.

13. On that form Plaintiff's doctor stated that the Plaintiff was suffering from a chronic condition requiring treatments, noting that Plaintiff would need intermittent leave.

14. On May 9, 2005, Plaintiff was informed by her supervisor, Robert Moore, that she was being fired. Although the official date of termination was May 13, 2005, Plaintiff was escorted from her office on May 9, 2005, and was not permitted to return.

## COUNT I

15. Plaintiff realleges paragraphs 1 to 14 as if they were fully repeated herein.

16. As an employee of a an employer within the meaning of the FMLA, Plaintiff was entitled to seek up to 12 weeks of leave for treatment of her serious health condition.

17. At the time that Plaintiff requested her FMLA leave, she was eligible for such leave because she had worked for the Defendant for more than 1,250 hours in the 12 months preceding her request.

18. On May 9, 2005, Plaintiff was informed by her supervisor that she was being fired.

19. Defendant's action in firing the Plaintiff violated 29 U.S.C. section 2615(a)(1) by denying Plaintiff's right to attempt to exercise her rights under the FMLA.

WHEREFORE, the Plaintiff requests the Court to grant the following:

   a. Damages in the amount of backpay, benefits, and other compensation denied or lost because of the Defendant's unlawful conduct, plus interest on those amounts;

   b. An additional amount as liquidated damages equal to the amount awarded under the above paragraph;

   c. Such equitable relief as appropriate, including reinstatement or front pay;

   d. Attorneys' fees and costs; and

   e. Such other additional relief that the Court deems appropriate under the circumstances.

## COUNT II

20. Plaintiff realleges paragraphs 1 to 19 as if they were fully repeated herein.

21. After Plaintiff requested FMLA leave on May 2, 2006, the Defendant fired her.

22. At the time that the Defendant fired the Plaintiff, Defendant knew that the Plaintiff was seeking FMLA leave.

23. Upon learning of Plaintiff's request for FMLA leave, the Defendant retaliated against the Plaintiff by firing her.

24. Defendant's action in firing the Plaintiff violates 29 U.S.C. section 2615 (a)(2) of the FMLA by discriminating against her by firing her for having g sought to avail herself of her rights under the FMLA.

WHEREFORE, the Plaintiff requests the Court to grant the following:

a. Damages in the amount of backpay, benefits, and other compensation denied or lost because of the Defendant's unlawful conduct, plus interest on those amounts;

b. An additional amount as liquidated damages equal to the amount awarded under the above paragraph;

c. Such equitable relief as appropriate. including reinstatement or front pay;

d. Attorneys' fees and costs; and

e. Such other additional relief that the Court deems appropriate under the circumstances.

Respectfully submitted,

*[signature]*
Stanley Kiszkiel
Florida Bar No. 731153

Stanley Kiszkiel, P.A.
9000 Sheridan Street

4

Suite 100, PMB 11
Pembroke Pines, Florida 33024
(954) 862-2288
(954) 517-1848 (fax)
<u>sklaw@bellsouth.net</u>

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
DIANE SPAKE

06-61471

**DEFENDANTS**
BROWARD COUNTY SHERIFF'S OFFICE

(b) County of Residence of First Listed Plaintiff: BROWARD
(EXCEPT IN U.S. PLAINTIFF CASES)

CIV-MARRA

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Stanley Kiszkiel, P.A.
9000 Sheridan Street
Suite 100, PMB No. 11
Pembroke Pines, FL 33024
954-862-2244

MAGISTRATE JUDGE
SELTZER

Attorneys (If Known)

(d) Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☒ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:06CV61471/MARRA/Seltzer

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|                                      | PTF | DEF |                                                          | PTF | DEF |
|--------------------------------------|-----|-----|----------------------------------------------------------|-----|-----|
| Citizen of This State                | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State             | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                                         | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO

JUDGE                                 DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): DEFENDANT FIRED THE PLAINTIFF IN VIOLATION OF THE FAMILY AND MEDICAL ACT, 29 U.S.C. 2601

LENGTH OF TRIAL via __3__ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 20,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
*Stan Kiszkiel*

DATE 9/25/06

**FOR OFFICE USE ONLY**
AMOUNT 350    RECEIPT # 638307    IFP